1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VERNON PAUL VANCE, individually

                Plaintiff,

      v.

PIERCE COUNTY, et al.

               Defendants.

CASE NO. 13-5860 RJB

ORDER ON MOTION FOR
REMAND

This matter comes before the Court on the Plaintiff's Motion for Remand.  Dkt. 14.  The

Court has considered the pleadings filed regarding the motion and the remaining file.  For the

reasons set forth below, the motion to remand should be granted.

## I.     FACTS

This case was filed in Pierce County, Washington Superior Court on December 3, 2012.

Dkt. 10-1, at 3.  Plaintiff asserted claims for false arrest, defamation, malicious prosecution,

"gross negligence and deliberate indifference," negligent hiring, negligent retention, negligent

supervision, and negligent infliction of emotional distress.  Dkt. 10-1, at 14-15.  Defendant

Pierce County, Washington, was notified, by letters dated December 14, 2012 and May 17, 2012,

ORDER ON MOTION FOR REMAND- 1

1   that Plaintiff was waiving all federal claims.  Dkt. 16, at 4 and 6.  On September 3, 2013,

2   Plaintiff amended his Complaint and added the Washington State Department of Corrections and

3   the Washington State Patrol as Defendants.  Dkt. 1, at 8.  He also added state law claims for

4   negligence, outrage, and invasion of privacy.  *Id*., at 20-21.

5         On October 1, 2013, the case was removed to this Court by the Defendants.  Dkt. 1.

6   Plaintiff now moves for an order of remand to Pierce County, Washington Superior Court.  Dkt.

7   14.  Defendants oppose the motion.  Dkts. 18 and 20.

8                    **II.**    **DISCUSSION**

9     Under 28 U.S.C. § 1331: "[t]he district courts shall have original jurisdiction of all civil

10  actions arising under the Constitution, laws, or treaties of the United States."  "Federal

11  jurisdiction exists only when a federal question is presented on the face of a properly pleaded

12  complaint.  The mere existence of a federal defense to a state law claim is insufficient to create

13  federal jurisdiction over a case."  *U.S. v. City of Arcata*, 629 F.3d 986, 990 (9th Cir.

14  2010)(*internal citations omitted*).  Further, to protect the jurisdiction of state courts, removal

15  jurisdiction is strictly construed in favor of remand.  *Harris v. Bankers Life and Cas. Co.,* 425

16  F.3d 689, 698 (9th Cir. 2005) (*citing Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09

17  (1941)). Any doubt as to the right of removal must be resolved in favor of remand.  *Gaus v.*

18  *Miles*, 980 F.2d 564, 566 (9th Cir. 1992).  The strong presumption against removal jurisdiction

19  means that the defendant always has the burden of establishing that removal is proper.  *Id.*

20     The Motion for Remand (Dkt. 14) should be granted, and the case should be remanded to

21  Pierce County, Washington Superior Court.  There is no federal question presented in the

22  Complaint.  Defendants' assertion that certain defenses may be raised pursuant to a federal

23  statute does not create federal question subject matter jurisdiction for this Court.  *City of Arcata,*

24

1  at 990.  Defendants' argument that Plaintiff's claim for "deliberate indifference" is "clearly" a

2  federal claim is not persuasive.  Dkts. 18 and 20.  Although "deliberate indifference" is the state

3  of mind requirement for various constitutional violations which could be brought pursuant to 42

4  U.S.C. § 1983, Plaintiff, in his Reply, states that he is not bringing such a claim, and is, in fact,

5  waiving all federal claims.  Dkt. 21.  Defendants' argument, that Plaintiff's claim for attorney's

6  fees confers federal jurisdiction here, is likewise unavailing.  Plaintiff accurately points out that

7  attorney's fees may be available under state law (Dkt. 21) and is asserting his claim for

8  attorney's fees under Washington law.  Further, there is no showing that this Court has diversity

9  jurisdiction.  This case should be remanded to Pierce County, Washington Superior Court.

10     Plaintiff further seeks an award of attorney's fees and costs.  Dkts. 14 and 21.  Attorney's fees

11  should not be awarded at this time.

12                                    **III.     ORDER**

13          Accordingly, it is hereby **ORDERED** that:

14     • Plaintiff's Motion to Remand (Dkt. 14) is **GRANTED**.

15     • This case is **REMANDED** to the Pierce County, Washington Superior Court; and

16     • Plaintiff's motion for an award of attorney's fees and costs (Dkt. 14) **IS DENIED**.

17          The Clerk is directed to send uncertified copies of this Order to all counsel of record and

18  to any party appearing *pro se* at said party's last known address.

19          Dated this 25th day of November, 2013.

20

21                                                    _Robert J Bryan_

22                                    ROBERT J. BRYAN
                                       United States District Judge

23

24